IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DENNIS A. BARNES,
   Petitioner,

vs.           Case No.:  3:14cv101/LAC/EMT

JULIE JONES,
   Respondent.
_____/

## REPORT AND RECOMMENDATION

   This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 7).  Respondent filed an answer and relevant portions of the state court record (doc. 32).  Petitioner filed a reply (doc. 35).

   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.  BACKGROUND AND PROCEDURAL HISTORY

   The relevant aspects of the procedural background of this case are established by the state court record (*see* doc. 32).[1]  Petitioner was charged in the Circuit Court in and for Jackson County, Florida, Case No. 2010-CF-0499, with one count of felony battery and one count of felon in possession of a firearm or ammunition (Ex. B).  Following a jury trial, he was found guilty of felon

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (doc. 32).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

in possession of a firearm or ammunition (Exs. N1, N3, O).  The State filed a nolle prosequi on the felony battery charge (Ex. U).  On February 14, 2011, Petitioner was sentenced as a habitual violent felony offender to thirty (30) years of imprisonment, with a minimum mandatory of ten years and with pre-sentence jail credit of 193 days (Exs. R, S).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D11-955 (Exs. T, V).  The First DCA affirmed the judgment per curiam on December 20, 2011, with the mandate issuing January 12, 2012 (Ex. Y).  Barnes v. State, 75 So. 3d 1287 (Fla. 1st DCA 2011).  Petitioner did not seek further review.

On February 9, 2012, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. AA).  In an order rendered March 26, 2012, the state circuit court struck the motion as facially insufficient, without prejudice to Petitioner's filing an amended motion within thirty days (Ex. BB).  Petitioner appealed the decision to the First DCA, Case No. 1D12-1720 (Ex. CC).  On June 21, 2012, the First DCA dismissed the appeal for lack of jurisdiction (see Exs. DD, FF).  Barnes v. State, 91 So. 3d 135 (Fla. 1st DCA 2012) (Table).  Petitioner filed an amended Rule 3.850 motion (Ex. JJ).  The state circuit court summarily denied it on October 3, 2012 (Ex. KK).  Petitioner appealed the decision to the First DCA, Case No. 1D12-5905 (Ex. NN).  The First DCA affirmed the decision per curiam without written opinion on February 11, 2013, with the mandate issuing March 11, 2013 (Ex. OO).  Barnes v. State, 108 So. 3d 1080 (Fla. 1st DCA 2013) (Table).

On July 18, 2012, while the state post-conviction proceedings were pending, Petitioner filed a federal habeas petition in this district court, Case No. 5:12cv220/MMP/EMT (Ex. PP).  He subsequently filed a motion to dismiss, which the court granted on November 26, 2012, and dismissed the habeas petition without prejudice (id.).

On March 27, 2013, Petitioner filed a habeas petition in the Circuit Court in and for Columbia County, Florida, alleging he was entitled to immediate release form custody because his conviction was not supported by a viable charging document (Ex. QQ).[2]  The court transferred the

---

[2] Petitioner was confined in Columbia Correctional Institution when he filed his state habeas petition (see Ex. QQ at 1).

petition to the Jackson County Circuit Court (Ex. RR).  On December 3, 2013, the Jackson County Circuit Court dismissed the pleading as procedurally barred, untimely, and successive (Ex. SS). Petitioner sought review in the First DCA, Case No. 1D14-67 (Exs. TT, VV).  The First DCA affirmed the decision per curiam without written opinion on May 19, 2014, with the mandate issuing June 16, 2014 (Ex. YY).  Barnes v. State, 139 So. 3d 302 (Fla. 1st DCA 2014) (Table).

On November 9, 2013, Petitioner filed another Rule 3.850 motion (Ex. ZZ).  He subsequently filed an amended motion (Ex. AAA).  In an order rendered December 3, 2013, the state circuit court struck the successive Rule 3.850 motion as facially insufficient, without prejudice to Petitioner's filing an amended motion within sixty days (Ex. BBB).

On August 1, 2014, Petitioner filed a motion to correct sentence, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. CCC).  The state circuit court summarily denied the motion on August 21, 2014 (Ex. DDD).

Petitioner filed the instant federal habeas action on February 20, 2014 (doc. 1).

II.    STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218–19. In relevant part, section 2254(d) now provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3]  The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

<u>Id.</u>, 529 U.S. at 412–13 (O'Connor, J., concurring); <u>Ramdass v. Angelone</u>, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000).  In employing this test, the Supreme Court has instructed that on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case."  <u>Neelley v. Nagle</u>, 138 F.3d 917, 923 (11th Cir. 1998), *overruled on other grounds by* <u>Parker v. Head</u>, 244 F.3d 813, 835 (11th Cir. 2001).

---

[3] Unless otherwise noted, references to <u>Williams</u> are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" Lockyer, 538 U.S. at 73 (quoting Williams, 529 U.S. at 405–06). The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (quoting Williams, 529 U.S. at 405–06). If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim. Moreover, where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law. See Henderson v. Campbell, 353 F.3d 880, 890 n. 15 (11th Cir. 2003).

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409. Whether a State court's decision was an unreasonable application of a legal principle must be assessed in light of the record the court had before it. Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam); cf. Bell v. Cone, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). "In determining whether a state court's decision represents an unreasonable application of clearly established federal law, a federal court

conducting habeas review 'may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.'"  Gill v. Mecusker, 633 F.3d 1272, 1287 (11th Cir. 2011) (quoting Williams, 529 U.S. at 411) (citing Harrington v. Richter, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011)).  The AEDPA's "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it.  See Gill, supra at 1291 (citing Harrington).  Under § 2254(d), a habeas court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court.  See Harrington, 562 U.S. at 102; see also Gill, supra, at 1292 (the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding."  Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); see e.g., Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"); Jones v. Walker, 469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)(2)'s

"unreasonable determination" standard "must be met by clear and convincing evidence," and concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact."). The "unreasonable determination of the facts" standard is only implicated to the extent that the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See* Gill, 633 F.3d at 1292. A petitioner is not entitled to relief unless he demonstrates by clear and convincing evidence that the record reflects an insufficient factual basis for affirming the state court's decision. *Id.*

Only if the federal habeas court finds that the petitioner satisfied AEDPA, and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See* Panetti v. Quarterman, 531 U.S. 930, 953, 127 S. Ct. 2842, 2858, 168 L. Ed. 2d 662 (2007); Jones, 469 F.3d 1216 (same). The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

## III.    EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, *see* 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has provided lower courts with guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal

habeas corpus claim must first be presented to the state courts," *id.*, 404 U.S. at 278, the Court rejected the contention in that case that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is not enough that a petitioner make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982). In Anderson, the habeas petitioner was granted relief by the Sixth Circuit Court of Appeals on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. 459 U.S. at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." Anderson, 459 U.S. at 7 (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim. *Id.*, 459 U.S. at 7 and n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364. The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[4] The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." Duncan, 513

---

[4] The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal. 513 U.S. at 366.

U.S. at 365–66.  More recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004).  In Baldwin, the Supreme Court recognized that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"  Id., 541 U.S. at 32.  This language, while not part of the Court's holding, provides helpful instruction.  With regard to this language, the Eleventh Circuit explained in McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion.  However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'"  McNair [v. Campbell], 315 F. Supp. 2d at 1184 (quoting Vasquez v. Hillery, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)).  This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302-03 (citations omitted).[5]

The Eleventh Circuit, prior to Duncan, had broadly interpreted the "fair presentation" requirement.  After Duncan, however, the Eleventh Circuit has taken a more narrow approach.  For example, in Zeigler v. Crosby, the court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited

---

[5] In his initial brief before the Court of Criminal Appeals, McNair cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law."  McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005).  The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments.  Id.

in his direct appeal discussed the United States Constitution.  345 F.3d 1300, 1307 (11th Cir. 2003).

The Eleventh Circuit specifically noted that the section of the petitioner's appellate brief which dealt

with juror misconduct contained the words:  "Appellant was denied due process and a fair trial. . .

.," which could be interpreted as asserting a fair trial claim under the Due Process Clause of the

Florida Constitution.  *Id.* at 1308 n.5.  The only cases cited in the discussion of the issue in

petitioner's state appellate brief were state supreme court cases that made no mention of the United

States Constitution and cited no federal cases.  The court concluded that petitioner's "[c]ursory and

conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida

courts the federal claim asserted to us."  *Id.*

An issue that was not properly presented to the state court and which can no longer be

litigated under state procedural rules is considered procedurally defaulted, that is, procedurally

barred from federal review.  *See* O'Sullivan, 526 U.S. at 839–40, 848; Bailey v. Nagle, 172 F.3d

1299, 1302–03 (11th Cir. 1999).  This court will also consider a claim procedurally defaulted if it

was presented in state court and rejected on the independent and adequate state ground of procedural

bar or default.  *See* Coleman v. Thompson, 501 U.S. 722, 734–35 and n.1, 111 S. Ct. 2546, 2555 and

n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims

that have been held to be procedurally defaulted under state law cannot be addressed by federal

courts.");  Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state

procedural bar should be enforced by federal court even as to a claim which has never been

presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v.

Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112

L. Ed. 2d 812 (1991).  In the first instance, the federal court must determine whether any future

attempt to exhaust state remedies would be futile under the state's procedural default doctrine.

Bailey, 172 F.3d at 1303.  In the second instance, a federal court must determine whether the state's

procedural default ruling rested on adequate state grounds independent of the federal question.  *See*

Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989).  The adequacy of

a state procedural bar to the assertion of a federal question is itself a federal question.  Lee v.

Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002).  The adequacy requirement

has been interpreted to mean that the rule must be "firmly established and regularly followed,"

Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," Judd v. Haley, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly unfair manner.  Ford v. Georgia, 498 U.S. 411, 424–25, 111 S. Ct. 850, 858, 112 L. Ed. 2d 935 (1991); Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision.  Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).  First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[6]  Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law.  Third, the state procedural rule must be adequate. *Id.*  The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion.  *Id.*

To overcome a procedural default such that the federal habeas court may consider the merits of a claim, the petitioner must show cause for the default and prejudice resulting therefrom or a fundamental miscarriage of justice.  Tower, 7 F.3d at 210; Parker, 876 F.2d 1470.  "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim."  McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)).  To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him."  Schlup, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether

---

[6] The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits.  Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994).

it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

*Id.*  Although a habeas petitioner asserting a convincing claim of actual innocence need not prove diligence to overcome a procedural bar, timing is a factor relevant in evaluating the reliability of a petitioner's proof of innocence.  *See* McQuiggin v. Perkins, — U.S. —, 133 S. Ct. 1924, 1935, 185 L. Ed. 2d 1019 (2013).  As the Court stated in Schlup, "[a] court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]."  513 U.S. at 332; *see also* House, 547 U.S. at 537.

Within this framework, the court will review Petitioner's claims.

IV.    PETITIONER'S CLAIMS

A.    Ground One: "Same as D.C.A.  The victim did not live at my house when she called the police and told them to search my house.  She had abandoned the residence."

Petitioner challenges the state court's denial of defense counsel's motion to suppress evidence discovered and seized during a warrantless search of his residence (doc. 7 at 5).[7]  He alleges that on the day his wife told the police that he had firearms in the residence and gave police her consent to search the residence, his wife also told police that (1) she had moved out of their residence seven days prior, (2) she vowed she would never return, (3) her son helped her move out, and (4) Petitioner never forced her to leave (*id.*).  Petitioner alleges he exhausted this claim by raising it on direct appeal and in his state habeas petition (*id.* at 5–6).

Respondent states that in Issue One of Petitioner's initial brief on direct appeal, Petitioner argued that the trial court erred in denying his Second Amended Motion to Suppress evidence which was discovered and seized during a warrantless search of his residence, in violation of the Fourth Amendment (doc. 32 at 19).  Respondent argues Petitioner received a full and fair opportunity to litigate his Fourth Amendment claim in the state court; therefore, it is not cognizable in federal habeas, pursuant to Stone v. Powell, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976) (*id.* at 19–21).

In Petitioner's reply, he argues the merits of the Fourth Amendment issue (doc. 35).

---

[7] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

The state court record demonstrates that Petitioner raised his Fourth Amendment claim in state court in his Second Amended Motion to Suppress (Ex. G).  A hearing was held where testimony was taken and arguments were heard (Ex. I).  The state trial court denied the motion to suppress on the ground that Petitioner's wife had authority (actual or apparent) to consent to the search (*id.* at 208).  On direct appeal, Petitioner argued as Issue One that the trial court erred in denying the motion to suppress (Ex. V at 8–15).  He argued that his wife did not have actual or apparent authority to consent to a search; therefore, the search violated the Fourth Amendment (*id.*). The First DCA affirmed the trial court's ruling on the following grounds:

> Appellant, Dennis A. Barnes, appeals his conviction and sentence for possession of a firearm by a convicted felon.  He raises three issues on appeal, only one of which merits discussion.  He contends that the trial court erred in denying his motion to suppress because his estranged wife, who was not staying in the marital home, had no authority to consent to a search of the home.  We reject this argument and affirm Appellant's conviction and sentence.
>
> Based upon the wife's testimony below, she left the marital home due to Appellant's abuse.  A few days later, she called the police to report the abuse.  She told the authorities that there were weapons inside the couple's home, and she consented to a search of the premises.  Appellant, who was home alone when the officers arrived, did not object to the search.  A rifle was retrieved from the couple's bedroom.  After being charged with the offense at issue and felony battery, Appellant filed a motion to suppress, which the trial court denied.  This appeal followed.
>
> A trial court's ruling on a motion to suppress comes to the appellate court clothed with a presumption of correctness.  *Pagan v. State*, 830 So. 2d 792, 806 (Fla. 2002).  An appellate court is bound by the trial court's factual findings if they are supported by competent, substantial evidence.  *Id.*  A trial court's legal determinations are reviewable de novo.  *Id.*
>
> Authority to consent to a search arises from the mutual use of the property by persons generally having joint access, common authority over, or other sufficient relationship to the premises or effects to be inspected.  *State v. Purifoy*, 740 So. 2d 29, 30 (Fla. 1st DCA 1999) (citing *U.S. v. Matlock*, 415 U.S. 164, 170, 94 S. Ct. 988, 39 L. Ed. 2d 242 (1974)).  Although Appellant argues that his wife had no authority to consent to the search because she had voluntarily left the home a few days before, there was no evidence that she had restricted access to the home when she gave consent or that she had formally changed her residence.  Moreover, as the Eleventh Circuit Court of Appeals reasoned when faced with a similar situation, "There is a difference between voluntarily giving up your home and being forced to flee from

it in fear for your life . . . ."  *U.S. v. Backus*, 349 F.3d 1298, 1304 (11th Cir. 2003) (affirming the lower court's denial of the defendant's motion to suppress because the defendant's wife, who fled as a result of the defendant's abuse, still had enough common authority over, or a sufficient relationship to, the marital home to consent to a search of it).  In this case, the evidence supports the trial court's determination that Appellant's wife had the authority to consent to a search of the couple's home.

> Accordingly, we AFFIRM Appellant's conviction and sentence.

Barnes v. State, 75 So. 2d 1287, 1287–88 (Fla. 1st DCA 2011).

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  Stone v. Powell, 428 U.S. 465, 494, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976) (footnotes omitted).  The Stone Court found that, in the habeas context, "the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force."  428 U.S. at 494–95 (footnote omitted).  "'For a claim to be fully and fairly considered by the state courts, where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court.'"  Mincey v. Head, 206 F.3d 1106, 1126 (11th Cir. 2000) (quoting Tukes v. Dugger, 911 F.2d 508, 513–14 (11th Cir. 1990), in turn quoting Morgan v. Estelle, 588 F.2d 934, 941 (5th Cir. 1979)).

Here, Petitioner does not assert he was not given a full and fair hearing on the merits of his Fourth Amendment claim, nor can he.  The record in this case establishes that Petitioner received full and fair consideration of his claim in the state courts.  Because Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in the Florida courts, the claim affords no basis for federal habeas relief.

> B.   Ground Two, subclaim A:  "The same DCA [sic]:  whether the trial court erred reversibly in denying defense motion for judgment of acquittal."

Petitioner contends the trial court erred by denying defense counsel's motion for judgment of acquittal ("JOA") (doc. 7 at 7).  He alleges he raised this claim on direct appeal (*id.*).

Respondent contends Petitioner does not allege a violation of his rights under the federal Constitution, rather, he alleges error in the denial of his motion for judgment of acquittal only under state law; therefore, he is not entitled to federal habeas relief (doc. 32 at 22–23).   Respondent additionally contends Petitioner did not fairly present a federal claim to the state courts (*id.* at 23–24).   Respondent asserts Petitioner argued on direct appeal that the evidence was insufficient to establish his constructive possession of the firearm, as "constructive possession" is defined under Florida law (*id.*).   Respondent contends Petitioner thus failed to exhaust a federal claim (*id.*). Respondent argues that if this court construes Petitioner's argument as raising a federal claim, both in this federal proceeding and in the state court appeal, the state court's adjudication of the claim was not contrary to or an unreasonable application of clearly established federal law (*id.* at 25–33).

Petitioner states he is presenting the same claim he presented to the First DCA on direct appeal (doc. 7 at 7).   As Issue Two in his initial brief on direct appeal, Petitioner argued that the trial court erred in denying his motion for judgment of acquittal, because the circumstantial evidence that he was in constructive possession of a rifle, discovered by law enforcement in the bedroom of Petitioner's home, was insufficient to convict under Florida's circumstantial evidence standard (Ex. V at 16–19).

As previously discussed, to obtain a writ under 28 U.S.C. § 2254, Petitioner must show that he exhausted state court remedies for challenging his conviction.   He does not, and he did not. Before the First DCA, Petitioner brought only a state sufficiency of the evidence claim, and he relied on Florida's heightened burden of proof in cases involving circumstantial evidence.   Neither his claim nor his briefs cited to any federal cases, let alone <u>Jackson v. Virginia</u> 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); he did not mention the <u>Jackson</u> standard; he did not cite to the Due Process Clause of the Fourteenth Amendment or any other federal constitutional provision; indeed, he never mentioned the word "federal" or referred to federal law in any other way.   Petitioner framed his claim in terms of state law without making any reference to federal law, and in the body of his argument he made no specific reference to the United States Constitution or federal law, and he cited no federal cases.   He argued Florida law only.   Thus, nothing in Petitioner's brief put the state court on notice that the issue was being presented as a federal constitutional claim.   Further, the legal standard relied upon by Petitioner in his brief is specific to Florida law; the federal

sufficiency of the evidence standard, set forth in Jackson v. Virginia, does not include a requirement that the evidence exclude every reasonable hypothesis of innocence.[8]  *See* United States v. Herrera, 931 F.2d 761, 763 (11th Cir. 1991) (evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt) (citations omitted).  Because Petitioner did not make the state court aware that his claim included a federal constitutional claim, he did not fairly present his federal claim to the Florida courts, and he is procedurally barred from asserting it now.  *See* Preston v. Sec'y, Fla. Dept. of Corr., No. 12–14706, 2015 WL 1926218, at *1 (11th Cir. Apr. 29, 2015).  Petitioner, after all, was obliged to first give the state courts a meaningful opportunity to address his federal claim. This he did not do.

Now, any further attempt to exhaust a federal due process claim in the state courts would be futile, because it would be procedurally barred under Florida law.  *See* Rodriquez v. State, 919 So. 2d 1252, 1262 n.7 (Fla. 2005) (holding that issues were procedurally barred because they should have been, but were not, raised on direct appeal); Smith v. State, 445 So. 2d 323, 325 (Fla. 1983) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack.").  Furthermore, Petitioner has not shown cause for the

---

[8] Even if Petitioner had not relied upon Florida's special circumstantial evidence standard, and he had simply challenged the sufficiency of the evidence under the standard applied in non-circumstantial cases, which is the same as the federal standard, his argument would still have been insufficient to alert the state court to a federal claim, in light of his failure to reference the federal Constitution or any federal law, and his failure to cite any state cases relying on federal law.  *See, e.g.*, Ramos v. Sec'y, Dep't of Corr., 441 F. App'x 689 (11th Cir. 2011) (petitioner's federal sufficiency of evidence claim was not exhausted where petitioner made only passing reference to federal constitutional right to due process in arguing that trial court improperly denied motion for judgment of acquittal because State failed to sufficiently prove premeditation element of murder); Pearson v. Sec'y,  Dep't of Corr., 273 F. App'x 847, 850 (11th Cir. 2008) (petitioner's federal sufficiency of evidence claim was not exhausted where petitioner cited exclusively to Florida cases in state court and addressed Florida law in all of his substantive arguments, even though Florida courts assess sufficiency of evidence under standard identical to federal standard); Cook v. McNeil, 266 F. App'x 843, 845–46 (11th Cir. 2008) (petitioner did not alert the state court to the alleged federal nature of his sufficiency of the evidence claim and therefore failed to exhaust his federal due process claim; even though petitioner moved for judgment of acquittal and although Florida courts assess the sufficiency of the evidence under the standard applied in Jackson v. Virginia, 443 U.S. 307 (1979), petitioner cited exclusively to the state cases and all of his substantive arguments addressed Florida law; "the tenor of [petitioner's] narrow arguments that challenged the characterization of his knife and the sequence of his actions under the Florida statute did not bring a federal claim about due process to the attention of the state appellate court.").  *But see* Mulinix v. Sec'y for Dep't of Corr., 254 F. App'x 763 (11th Cir. 2007) (petitioner's federal sufficiency of evidence claim was exhausted where petitioner presented identical argument to state and federal courts, and Florida courts' sufficiency of evidence standard was identical to federal standard).  The undersigned cites unpublished opinions of the Eleventh Circuit only as persuasive authority and recognizes that the opinions are not considered binding precedent.  *See* 11th Cir. R. 36-2.

procedural default, nor has he demonstrated he is entitled to federal review of his claim through any other recognized exception to the procedural bar.  Therefore, Petitioner is not entitled to federal habeas relief on his challenge to the sufficiency of the evidence.

> C.      Ground Two, subclaim B:  The same as 3.850:  whether the trial court written [sic] sentencing order exceeds the oral pronouncement when it imposed a habitual violent felony sentence and the oral does not."

Petitioner contends the written judgment of conviction and sentence is illegal because it imposed a habitual violent felony offender sanction, but the sentencing court's oral pronouncement of sentence did not include that sanction (doc. 7 at 7).  He asserts he raised this claim in his Rule 3.850 motion (*id.*).

Respondent contends Petitioner's claim that the written sentence was inconsistent with the oral pronouncement of sentence is a matter of state law and thus not cognizable in federal habeas (doc. 32 at 35).  Respondent additionally contends the claim is unexhausted (*id.* at 33–34, 36). Respondent asserts Petitioner raised this claim in his initial Rule 3.850 motion filed on February 9, 2012, but he failed to present it in his amended Rule 3.850 motion after the state court struck his initial motion as facially insufficient and granted leave to amend (*id.*).  Respondent asserts that in the state court's order summarily denying the grounds raised in Petitioner's amended Rule 3.850 motion, the court determined that Petitioner effectively abandoned the issues that he raised in his initial motion but failed to raise in his amended motion (*id.*).  Respondent asserts Petitioner argued in a motion for rehearing that he did not intend to abandon his original claims, but the circuit court denied the motion for rehearing, and the First DCA affirmed (*id.*).  Respondent assets Petitioner may return to state court to exhaust the claim in a Rule 3.800(a) motion (*id.* at 37); however, the claim is without merit, because the written judgment and sentence exactly matches the state court's oral pronouncement of sentence (*id.* at 37–38).

The state court record reflects that Petitioner argued in Ground Two of his initial Rule 3.850 motion that the written judgment and sentence exceeded the oral pronouncement of sentence because the written judgment imposed a habitual violent felony sentence whereas the oral pronouncement did not (Ex. AA at 3, 17–18).  He argued that the written judgment thus violated double jeopardy

principles (*id.* at 17–18).[9]  The state circuit court struck the initial Rule 3.850 motion with leave to file an amended motion (Ex. BB).  Petitioner filed an amended motion, but he did not raise a claim regarding the alleged inconsistency between the written judgment and sentence and the oral pronouncement of sentence (Ex. JJ).[10]  The state court individually discussed each of the two claims raised in the amended motion and then stated:

> Finally, as to the remaining grounds raised in Defendant's original Rule 3.850 motion filed February 13, 2012, the Court finds that the Defendant has effectively abandoned said issues by failing to address and/or amend them in the instant Amended Rule 3.850 Motion.  Further, the Defendant's allegations fail to establish either prong of *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Further, Defendant's allegations are conc1usory in nature to warrant relief.  *See Kennedy v. State*, 547 So. 2d 912 (Fla. 1989) ("A defendant may not simply file a motion for post conviction relief containing conclusory allegations that his or her trial [sic] was ineffective and then expect to receive an evidentiary hearing.").  Although a trial court in its discretion may grant more than one opportunity to amend an insufficient claim, *Spera* does not mandate repeated opportunities.  *See Nelson v. State*, 977 So. 2d 710 (Fla. 1st DCA 2008).  Since the Defendant was either unable or unwilling to cure the deficiency, his insufficient claim is denied with prejudice.  *See Id.*

---

[9] Petitioner additionally raised the following claims in his initial Rule 3.850 motion:

Ground One:  The trial court illegally sentenced the Defendant beyond the 15 year statutory maximum for the second degree felony whereas the oral pronouncement is for 30 years with a 10 year minimum mandatory term.

Ground Three:  Trial counsel committed ineffective assistance of counsel in failing to convey the plea offers from the State.

Ground Four:  Trial counsel rendered ineffective assistance of counsel in failing to file a proper motion to suppress evidence based on the fact that the Defendant was not in exclusive possession of the residence.

Ground Five:  The trial court proceeded without jurisdiction against the Defendant when it prosecuted the Defendant on the Information after it filed a document entitled "No Information" which is equivalent to a nolle prosequi dismissal nullification.

Ground Six:  The trial court illegally sentenced the Defendant when it utilized an incorrectly prepared Guideline scoresheet.

(Ex. AA at 2–4, 15–26).

[10] Petitioner raised the following two claims in his amended motion:  (1) the trial court erred by imposing the 10-year minimum mandatory habitual violent felony offender sanction because the evidence showed only that he was in constructive possession of the firearm, not actual possession, and (2) defense counsel was ineffective for failing to properly argue the motion to suppress (Ex. JJ).

(Ex. KK at 21).  The First DCA affirmed the decision without written opinion (Ex. OO).

The state court expressly determined that the claims Petitioner raised in his original Rule 3.850 motion but failed to raise in his amended motion were abandoned.  The instant challenge to the written judgment and sentence was one of those claims that Petitioner failed to raise in his amended motion.  The state court's rejection of the claim as procedurally defaulted was based upon the firmly established and regularly followed rule that a defendant who files an amended Rule 3.850 motion abandons the claims which were raised in his original Rule 3.850 motion but not asserted in his amended motion.  *See* Rolling v. State, 825 So. 2d 293, 295 n.1 (Fla. 2002); Rincon v. State, 996 So. 2d 922 (Fla. 4th DCA 2008).  Therefore, the claim is deemed unexhausted for federal habeas purposes.[11]

Even if Petitioner could return to state court to exhaust this claim in a Rule 3.800(a) motion, his doing so would be futile, because his claim is clearly refuted by the state court record.  During the sentencing proceeding on February 14, 2011, after the parties presented argument and evidence on the issue of whether Petitioner qualified for the Habitual Violent Felony Offender enhancement, the trial court orally pronounced Petitioner's sentence as follows:

> THE COURT: . . . I'm going to adjudicate him guilty.  It is the judgment law [sic] and sentence of the Court based upon me finding him to be a violent habitual felony offender, it is the judgment and law and sentence of the Court he receive 30 years in the Florida Department of Corrections.  That's a minimum mandatory of 10 years as part of that sentence under that same statute.  He will receive credit for all the time that he has served and I've got 193 days.

(Ex. R at 139).   The written judgment and sentence accurately reflects the court's oral pronouncement (Ex. S).

Petitioner's claim is unexhausted and, notwithstanding the failure to exhaust, the claim is without merit.  Therefore, Petitioner is not entitled to federal habeas relief on this claim.  *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

---

[11] The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits.  *See* Marek, 62 F.3d at 1302; Alderman, 22 F.3d at 1549.

D.      Ground Three:  "Whether trial court erred reversibly in admitting testimony from Petitioner's wife regarding possession of guns inside the home at the time of her report to law officers."

Petitioner asserts he raised this claim as Issue Three on direct appeal, and in his Rule 3.850 motion (doc. 7 at 8–9).

Respondent contends Petitioner does not allege a violation of his rights under the federal Constitution, but only error in the admission of evidence under state evidentiary law; therefore, he is not entitled to federal habeas relief (doc. 32 at 39–40).  Respondent additionally contends Petitioner did not fairly present a federal claim to the state courts (*id.* at 40–41).  Respondent asserts Petitioner argued on direct appeal that his wife's testimony regarding his possession of the firearm at a time outside the time charged in the Information was "other crimes" evidence which was inadmissible under Florida law (*id.*).  Respondent contends Petitioner thus failed to exhaust a federal claim in the state courts (*id.*).  Respondent argues that if this court construes Petitioner's argument as raising a federal claim, both in this federal proceeding and in the state court appeal, the state court's adjudication of the claim was not contrary to or an unreasonable application of clearly established federal law (*id.* at 41–44).

Petitioner states he is presenting the same claim he presented to the First DCA on direct appeal as Issue Three (doc. 7 at 8).[12]  As Issue Three in his initial brief on direct appeal, Petitioner argued that the trial court erred in allowing Petitioner's wife to testify about Petitioner's possession of the gun at a time outside the time frame charged in the Information (Ex. V at 20–23).  In Petitioner's brief, he framed his claim of trial court error in terms of state law without making any reference to federal law, and in the body of his argument he made no reference to the United States Constitution or federal law, and he cited no federal cases.  He argued Florida law only.  Nothing in Petitioner's brief put the state court on notice that the issue was being presented as a federal constitutional claim. Therefore, the undersigned concludes Petitioner's federal challenge to the trial court's evidentiary ruling, to the extent he asserts one, was not fairly presented to the state court and is thus unexhausted.

---

[12] Petitioner also states he raised the claim in his Rule 3.850 motion which was denied by the state circuit court in October of 2012, and the First DCA in Case No. 1D12-1720 (*see* doc. 7 at 9).  Review of the record of that Rule 3.850 proceeding demonstrates that Petitioner did not raise a claim challenging the trial court's admission of the testimony of Petitioner's wife (*see* Exs. AA, JJ).

Now, any further attempt to exhaust a federal claim in the state courts would be futile, because Petitioner's claims would be procedurally barred under Florida law.  *See* Rodriquez, 919 So. 2d at 1262 n.7; Smith, 445 So. 2d at 325.  Furthermore, Petitioner has not shown cause for the procedural default, nor has he demonstrated he is entitled to federal review of his claim through any other recognized exception to the procedural bar.  Therefore, Petitioner is not entitled to federal habeas relief on Ground Three.

V.     CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.     That the amended petition for writ of habeas corpus (doc. 7) be **DENIED**.

2.     That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 30th day of April 2015.


/s/ Elizabeth M. Timothy
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**